[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff has instituted this matter by filing a civil action summons (JD-CV-1) naming the commissioner of correction and the warden of Corrigan C.I. as defendants. The document is followed by a pleading entitled "Motion for Immediate Temporary Injunction and Permanent Injunction."
The motion alleges that plaintiff has three pro se civil cases pending. In all of these cases it is alleged that plaintiff has been determined to be indigent and allowed to proceed without the payment of fees, with one exception. The gravamen of the pleading is that the defendants are charging him for photocopies and postage expenses necessary to the prosecution of his cases which he, being indigent, is unable to pay.
Defendants have moved to dismiss the matter. The motion to dismiss reflects the confusion about what we have here. The matter has some of the indicia of a petition for a writ of habeas corpus. Plaintiff claims that it is not such a petition. An examination of the motion and other papers on file confirms that this is not a petition for a writ of habeas corpus.
Defendants claim that the matter should be dismissed because the motion is in violation of Connecticut Practice Book § 10-6 which requires that the first pleading should be the complaint. In this, the defendants are correct. Plaintiff has filed motions in an action which does not exist since there is no complaint.
Plaintiff has filed a brief in which he claims that this is an action pursuant to 42 U.S.C. § 1983. There is no complaint setting forth any such allegations, however. Although some deference must be given to pro se litigants, the rules of practice must be followed.
Plaintiff has alleged in effect that he has three other law suits in CT Page 3917 progress and that by charging him fees he cannot pay, defendants are preventing him from prosecuting these lawsuits. The better procedure would be for plaintiff to file his motion in those existing actions.
The court has no jurisdiction to grant motions in an action which does not exist. Accordingly, the motion to dismiss is granted.
Joseph J. Purtill, JTR CT Page 3918